COPY

## 39TH JUDICIAL DISTRICT COURT
### RED RIVER PARISH
### COUSHATTA, LA 71019

**WUELLNER OIL & GAS INC ET AL**

**VERSUS** **NUMBER** **35191**

**ENCANA OIL & GAS (USA) INC.**

# *CITATION*

**PLEASE SERVE:**

**ENCANA OIL & GAS (USA) INC**
**THRU C T CORPORATION SYSTEM**
**5615 CORPORATE BOULEVARD, SUITE 400B**
**BATON ROUGE, LA**

YOU ARE HEREBY CITED TO COMPLY WITH THE DEMAND CONTAINED IN THE **PETITION,** OF WHICH A CERTIFIED COPY ACCOMPANIES THIS CITATION, OR DELIVER YOUR ANSWER THERETO IN WRITING TO THE OFFICE OF THE CLERK OF THE 39TH JUDICIAL DISTRICT COURT, RED RIVER PARISH, TOWN OF COUSHATTA, **WITHIN FIFTEEN (15) DAYS AFTER SERVICE** HEREOF. YOU MAY FILE YOUR WRITTEN ANSWER OR PLEADING IN PERSON OR BY MAIL—(Clerk of Court; PO Box 485, Coushatta, LA). IF YOU FILE BY MAIL, THE PLEADING MUST BE RECEIVED BY THE 15TH DAY. YOUR FAILURE TO COMPLY WILL SUBJECT YOU TO THE PENALTY OF ENTRY OF DEFAULT JUDGMENT AGAINST YOU.

AND HEREIN FAIL NOT UNDER PENALTY OF THE LAW.

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, on October 2, 2010.

STUART SHAW, CLERK OF COURT

*Requested by:*
**Philip E Downer III**
318-213-4444

BY: _Rebecca a Harper_
Deputy Clerk of Court

---

**SERVICE**

UNSERVED ☐ PERSONAL ☐ DOMICILIARY ☐

GIVEN TO _____

DATE _____

REMARKS _____

_____
Deputy Sheriff

ATTEST A TRUE COPY
Stuart Shaw, Clerk of Court

_Rebecca a Harper_
Deputy Clerk/39th District Court
Red River Parish, Louisiana

**EXHIBIT**
*A*

STUART SHAW

OCT 01 2010

CLERK OF COURT
RED RIVER PARISH

WUELLNER OIL & GAS, INC.                :        NUMBER _____ 35191
MARSHALL OIL & GAS, INC.;
TEXAS GAS DEVELOPMENT, L.P.;
AND JARRATT ENTERPRISES, L.L.C.

VERSUS                                  :        39th JUDICIAL DISTRICT COURT

ENCANA OIL & GAS (USA) INC.             :        RED RIVER PARISH, LOUISIANA

## ORIGINAL PETITION

NOW INTO COURT, through undersigned counsel, come the following parties plaintiff,

who allege as follows:

1.

WUELLNER OIL & GAS, INC. ("WOG"), a Louisiana corporation, domiciled in
Caddo Parish, Louisiana, whose address is 333 Texas Street, Suite 608,
Shreveport, Louisiana 71101;

MARSHALL OIL & GAS, INC. ("MOG"), a Louisiana corporation, domiciled in
Caddo Parish, Louisiana, whose address is 333 Texas Street, Suite 608,
Shreveport, Louisiana 71101;

TEXAS GAS DEVELOPMENT, L.P. ("TGD"), a Texas limited partnership,
authorized to do and doing business in the State of Louisiana, whose address is
330 Marshall Street, Suite 1111, Shreveport, Louisiana 71101; and

JARRATT ENTERPRISES, L.L.C., ("Jarratt"), a Louisiana limited liability
company, whose address is 9304 Braewood Circle, Shreveport, Louisiana 71105.

The above entities are sometimes herein collectively referred to as "Plaintiffs."

2.

Named defendant in this matter is:

ENCANA OIL & GAS (USA), INC. ("EnCana" or "Defendant"), a Delaware
corporation, authorized to do and doing business in the State of Louisiana, whose
registered agent for service of process is CT Corporation System, 5615 Corporate
Boulevard, Suite 400B, Baton Rouge, Louisiana.

3.

Venue in this Court is proper insofar as this action asserts rights and interests in and to

immovable property located in Red River Parish, Louisiana.

4.

On or about November 1, 2003, a letter agreement ("Gahagan Letter Agreement") was

entered into by and between Marshall-Wuellner, Inc. ("MWI") and Will-Drill Resources, Inc.

("Will Drill"), providing for the parties' joint participation in the exploration and development of

the "Gahagan Prospect" that covers and includes as the designated "Contract Area" the following

properties situated in Red River Parish, Louisiana:

F:\PED\10-0280.Petition.doc

Sections 10, 11, 12, 14, 15, 16, 17, 20, 21, 22, 27, 28, 29, 32, 37, 39, 40 and 41, Township 12 North, Range 10 West, Red River Parish, Louisiana.

A copy of the Gahagan Letter Agreement is attached hereto and made a part hereof as Exhibit "A."

5.

On or about November 25, 2003, a letter agreement ("Martin Letter Agreement") was entered into by and between MWI and Will Drill, providing for the parties' joint participation in the exploration and development of the "Martin Prospect" that covers and includes as the designated "Contract Area" the following properties situated in Red River Parish, Louisiana:

Sections 18 and 19, Township 13 North, Range 8 West and Sections 13, 14, 15, 16, 21, 22, 23, 24, 25, 26, 27, 28, 33, 34, 35 and 36, Township 13 North, Range 9 West, all situated in Red River Parish, Louisiana.

A copy of the Martin Letter Agreement is attached hereto and made a part hereof as Exhibit "B." The Gahagan Letter Agreement and the Martin Letter Agreement are herein sometimes jointly referred to as the "Letter Agreements."

6.

Pursuant to the Letter Agreements, Will Drill made formal assignments to MWI, as evidenced by an *Assignment of Overriding Royalty Interests*, filed of record on August 22, 2008, under Registry No. 204492, Book 298, Page 402, and an *Assignment of Overriding Royalty Interests*, filed of record on August 22, 2008, under Registry No. 204493, Book 298, Page 408, Conveyance Records of Red River Parish, Louisiana (jointly, "Will Drill-MWI Assignments"). The Will Drill-MWI Assignments are attached hereto and made a part hereof as Exhibit "C, In Globo."

7.

In addition to the other terms and conditions, the Letter Agreements provide that MWI is to receive an assignment of overriding royalties on any lease acquired in the relevant Contract Area equal to the difference between 25% and lease burdens, not to exceed 2% (Letter Agreements, Paragraph 4); that the agreements remain in effect during the primary term of all leases acquired within the relevant Contract Area and for two (2) additional years thereafter (Letter, Agreements, Paragraph 5); and, that the provisions of the agreement shall be binding upon the parties, their heirs, executors, legal representatives, successors and assigns (Letter Agreements, Paragraph 7).

F:\PED\10-0280.Petition.doc

8.

Subsequent to the Letter Agreements and the Will Drill-MWI Assignments, on or about August 25, 2005, Will Drill, as assignor, and Pride, as assignee, and, upon information and belief, as agent for Defendant, entered into an "Assignment of Oil Gas and Mineral Leases and Bill of Sale" of identified mineral leases which cover and affect lands located within the Gahagan Prospect and the Martin Prospect, as recorded on September 1, 2005, under Registry No. 204599, Book 298, Page 651, Conveyance Records of Red River Parish, Louisiana ("Will Drill-Pride/Encana Assignment").  A copy of the Will Drill-Pride/EnCana Assignment is attached hereto and made a part hereof as Exhibit "D."

9.

The Will Drill-Pride/EnCana Assignment expressly reserved an overriding royalty interest in and to the Leases equal to the difference between all existing burdens of record and twenty-three percent (23%), free and clear of all costs other than production, severance or other similar taxes. ("Will Drill Reserved ORI").

10.

In addition, the Will Drill-Pride/EnCana Assignment expressly provides that Pride "takes the Subject Properties subject to and agrees faithfully and timely perform the terms, conditions and provisions of the Leases and any other contract burdening the same, **including specifically, but not limited to ...**" two (2) assignments of overriding royalty interests ("ORRI") from Will-Drill to MWI, executed on August 22, 2005, and recorded under Registry Nos. 204492 and 204493 in the Conveyance Records of Red River Parish, Louisiana; necessarily including the Letter Agreements. (Emphasis added). (Will Drill-Pride/EnCana Assignment, Paragraph 4).

11.

By act of *Assignment of Overriding Royalty,* filed of record on January 13, 2010, under Registry No. 220945, and *Assignment of Overriding Royalty,* filed of record on January 13, 2010, under Registry No. 220946, Conveyance Records of Red River Parish, Louisiana (jointly "MWI-Plaintiffs Assignments"), MWI assigned and transferred the interests as acquired via the Will Drill-MWI Assignments unto Plaintiffs, including, without limitation, the Letter Agreement rights in and to the Gahagan Prospect and the Martin Prospect.  A copy of the MWI-Plaintiffs Assignments are attached hereto and made a part hereof as Exhibit "E, In Globo."

12.

Plaintiffs currently hold the interests as acquired via the MWI-Plaintiffs Assignments in the following ownership percentages:

| | |
|---|---|
| Texas Gas Development, L.P. | 46% |
| Wuellner Oil & Gas, Inc. | 23% |
| Marshall Oil & Gas, Inc. | 23% |
| Jarratt Enterprises, L.L.C. | 8% |

13.

Will-Drill subsequently made an assignment of the Will Drill ORRI, effective as of August 1, 2005, and recorded under Registry No. 207375, Book 305, Page 478, in the Conveyance Records of Red River Parish, Louisiana, unto Plaintiffs and others. A copy of the assignment is attached hereto and made a part hereof as Exhibit "F."

14.

On or about March 14, 2007, by that certain "Assignment of Oil, Gas and Mineral Leases," dated March 14, 2007, recorded under Registry No. 209610 in the Conveyance Records of Red River Parish, Louisiana, Pride, the agent, assigned to the principal, EnCana, record title of the Will Drill-Pride/EnCana Assignment interests. A copy of the assignment is attached hereto and made a part hereof as Exhibit "G."

15.

As detailed in the Letter Agreements and the various assignments set forth above, Plaintiffs hold specified overriding royalty interests in the specifically identified oil, gas and mineral leases and/or interests ("Leases"), as well as the right to participate in acquired oil, gas and mineral leases and/or mineral interests ("Additional Leases") within the Gahagan Prospect and the Martin Prospect.

16.

EnCana has not properly recognized and/or paid Plaintiffs for their respective ORRIs in and to the Leases, and has further failed to provide for Plaintiffs' participation in the Additional Leases in the Gahagan Prospect and the Martin Prospect, as required pursuant to the above identified instruments.

17.

In light of the recognition and payment deficiencies, on or about May 27, 2009, formal demand was made upon EnCana and Pride for an accounting and immediate payment of all

F:\PED\10-0280.Petition.doc

funds outstanding, to be tendered within thirty (30) days of receipt of the notice. A copy of the
May 27, 2009, demand letter is attached hereto as Exhibit "H."

18.

On or about June 16, 2009, EnCana responded to the demand letter stating that it was
unable to provide the requested information within the thirty (30) day requirement and requested
additional time to comply with the demand. A copy of the June 16, 2009, EnCana response is
attached hereto and made a part hereof as Exhibit "I."

19.

Despite EnCana's express commitment to furnish information, more than four (4) months
passed with no additional response from EnCana and the continued non-response from Pride.

20.

On or about October 7, 2009, Plaintiffs again provided formal notice and demand to
Defendant. A copy of the notice is attached hereto and made a part hereof as Exhibit "J."

21.

Defendant failed to provide any response to the October 7, 2009, demand.

22.

As a result of the intentional, wrongful actions of EnCana, Plaintiffs have been deprived
of their proper interests and the payments attributable to their respective mineral interests.

22.

Plaintiffs are therefore entitled to: (i) an accounting by Defendant; (ii) recognition of
and/or proper assignment of their respective interests in the Leases and Additional Leases;
(iii) proper payment for said interests; (iv) enforcement of the Letter Agreements and the
Assignments identified herein; (v) damages, including double the amounts due, legal interest on
each sum due from the date due; and (vi) reasonable attorneys' fees and costs.

WHEREFORE, PLAINTIFFS PRAY that citation issue and service be made upon
defendant, ENCANA OIL & GAS (USA) INC.;

PLAINTIFFS FURTHER PRAY that after legal delays and due proceedings had herein,
there be judgment in favor of Plaintiffs and against Defendant as follows:

1.    Declaring that the Plaintiffs are properly determined and recognized as owners of
their respective ORRIs in the Gahagan Prospect and the Martin Prospect and, as such, entitled to:

F:\PED\10-0280.Petition.doc

(i)   an accounting and payment of all ORRIs to which they are entitled within the Gahagan Prospect and the Martin Prospect;

(ii) recognition of and/or proper assignment of their respective interests in the Leases and Additional Leases;

(iii) proper payment for said interests;

(iv) enforcement of the Letter Agreements and the Assignments identified herein;

(v) damages, including double the amounts due, legal interest on each sum due from the date due; and

(vi) reasonable attorneys' fees and costs.

PLAINTIFFS FURTHER PRAY for all other legal and equitable relief to which they may be entitled in the premises.

DOWNER, HUGUET & WILHITE, L.L.C.

By: _____
    Philip E. Downer, III
    La. Bar Roll No. 16894

    M. Amy Burford McCartney
    La. Bar Roll No. 29112

    333 Texas Street, Suite 1325
    Shreveport, LA 71101
    318-213-4444
    318-214-4445 (fax)

ATTORNEYS FOR PLAINTIFFS

**PLEASE SERVE:**

**ENCANA OIL & GAS (USA) INC.**
by and through its registered agent,
CT Corporation System
5615 Corporate Boulevard, Suite 400B
Baton Rouge, Louisiana

ATTEST A TRUE COPY
Stuart Shaw, Clerk of Court

Deputy Clerk/39th District Court
Red River Parish, Louisiana

F:\PED\10-0280.Petition.doc



**LACY H. WILLIAMS, PRESIDENT**
**C. ALLEN WILLIAMS, VICE-PRESIDENT**

## WILL-DRILL RESOURCES, INC.
OIL & GAS EXPLORATION

416 TRAVIS, SUITE 1200 • SHREVEPORT, LA • 71101-3194
(318) 222-7464 • FAX (318) 222-7466

November 1, 2003

Marshall-Wuellner, Inc.
333 Texas Street, Suite 608
Shreveport, LA 71101

Attention: Tim Marshall

Re:  Gahagan Prospect
     Red River Parish, Louisiana

Gentlemen:

When accepted by you in the manner provided below, this letter evidences an agreement between **Will-Drill Resources, Inc.**, a Louisiana corporation, 416 Travis Street, Suite 1200, Shreveport, LA 71101, (hereinafter sometimes referred to as "Will-Drill") and **Marshall-Wuellner, Inc.**, a Louisiana corporation, 333 Texas Street, Suite 608, Shreveport, LA 71101 (hereinafter sometimes referred to as "M-W"), concerning the exploration and development of the Martin Prospect, as follows:

1. **Contract Area**

The area covered by this agreement is described as follows:

Sections 10, 11, 12, 14, 15, 16, 17, 20, 21, 22, 27, 28, 29, 32, 37, 39, 40 & 41 of Township 12 North, Range 10 West, all situated within Red River Parish, Louisiana; and herein after referred to as the "Contract Area".

2. **Leases, Seismic, Etc.**

Will-Drill, or its designee, Louisiana Gas Development Corporation, shall be solely responsible for acquiring any and all oil, gas and mineral interests within the Contract Area, including but not limited to oil and gas leases, farmout agreements, and seismic rights, and shall be solely

Will-Drill & M-W Agrmnt (Gahagan)                    Page 1 of 5



responsible for the costs and expenses of such acquisitions. Likewise the acquisition of new or existing seismic data and the costs associated therewith shall be the sole responsibility of Will-Drill.

3. **Promotional Benefits**

It is agreed and understood that Will-Drill and M-W shall share and share alike any promotional benefit derived from the sale to third parties of any oil, gas and mineral interests within the Contract Area, including but not limited to any monetary amount in excess of the acquisition costs and expenses. However, in no event shall the carried working interest delivered to M-W be less than an undivided ten percent (10%) on the first exploratory well drilled on the Contract Area.

4. **Overriding Royalty Interest**

It is agreed and understood that M-W shall receive an assignment of overriding royalty from Will-Drill equal to the difference, if any, between twenty-five percent (25%) and lease burdens, but in no case greater than two percent (2%) on any lease acquired by Will-Drill within the Contract Area. Subject to the terms and provisions of any such lease, Will-Drill will execute and deliver to M-W the aforementioned assignment within ninety (90) days of M-W's written request therefore.

5. **Term of Agreement**

This agreement shall remain in force and effect during the primary term of any oil and gas lease acquired by Will-Drill within the Contract Area and for two additional years thereafter. The term of this agreement shall remain as stipulated unless otherwise agreed to in writing by both Will-Drill and M-W. However, the foregoing not withstanding, if no leases are acquired within the Contract Area this agreement will automatically expire two (2) years from the date hereof.

6. **Relationship of the Parties**

This agreement is not intended to create, and nothing herein shall be construed to create, an association, a trust or joint venture, a mining partnership or other partnership or entity of any kind. Should this agreement be construed to create an association or partnership within the meaning of Subchapter K of Chapter 1 of Subtitle A of the Internal Revenue Code of 1986 as amended, or within the meaning of any similar statute of the State of Louisiana, the parties hereto affirm that they have elected to be excluded from the application of said statute. Will-Drill is hereby authorized, when appropriate, to execute such election on behalf of the parties hereto and to file such election with the proper government office or agency; and, if requested, each party hereby agrees to execute and join in such election.

7. **Agreement Binding on Heirs and Assigns**

The provisions of this agreement shall be binding on the parties hereto, their heirs, executors, legal representatives, successors and assigns.

8. Non-Binding Mediation/Binding Arbitration

a) On the written notice of any Party, whether before or after the institution of any legal proceeding, any action, dispute, claim or controversy of any kind now existing or hereafter arising between the Parties (a *"Dispute"*) shall be submitted to non-binding mediation in accordance with the terms hereof.

b) Any mediation shall be conducted before a mediator selected by mutual agreement of the Parties. If the Parties are unable to agree on any mediator within fifteen days following the delivery of the notice of Dispute (or if a mediator is selected, but is unable to serve, within fifteen days from the date such person has delivered notice of his or her inability to serve), then each of the two Parties shall submit the name of a proposed mediator, each of whom must be certified or otherwise qualified to serve as a mediator. The names of the proposed candidates will be placed in a container and a disinterested party shall select one name, which person shall serve as mediator. The mediator shall schedule the mediation at a mutually agreeable time for the mediation to be conducted as soon as possible, provided that all parties shall attempt in good faith to provide reasonable times for which such parties would be available. The mediation shall be conducted in Shreveport, Louisiana. The mediator shall provide to the Parties a list of rules or guidelines by which the Parties will conduct the mediation. The Parties will conduct the mediation in good faith in an attempt to resolve any Dispute. Each Party agrees to keep all Disputes and mediation proceedings strictly confidential except for disclosure of information required by applicable law.

c) All fees of the mediator shall be paid by the Parties equally.

d) On the written notice of any Party, whether made before or after the institution of any legal proceeding or before or after submission of any Dispute to mediation as above provided, any such Dispute shall be submitted to binding arbitration in accordance with the terms hereof. Any Party may, by any summary proceedings, bring an action in court to compel arbitration of any Dispute.

e) Any arbitration shall be administered to the maximum extent applicable pursuant to the Federal Arbitration Act. Judgment on any award rendered by an arbitrator may be entered in any court having jurisdiction.

f) Any arbitration shall be conducted before three arbitrators. Each of the two Parties shall select an arbitrator within fifteen days (the "Party Arbitrators"). The Party Arbitrators shall select a third arbitrator within thirty days (the "Neutral"). The Neutral shall have no significant prior business or personal relationship with any Party. If the Party Arbitrators are unable to agree on the selection of a Neutral within such thirty day period, then each Party Arbitrator shall submit the name of a proposed Neutral, each of whom must be certified or otherwise qualified to serve as an arbitrator. The names of the proposed candidates will be placed in a container and a disinterested party shall select one name, which person shall serve as Neutral. Each arbitrator shall be a person who is knowledgeable in the subject matter of

the Dispute. The arbitrators may engage engineers, accountants or other consultants that the arbitrators deem necessary to render a conclusion in the arbitration proceeding.

g) To the maximum extent practicable, an arbitration proceeding hereunder shall be concluded within one hundred eighty (180) days of the date of the selection of the Neutral. Arbitration proceedings shall be conducted in Shreveport, Louisiana. The vote of any two of the arbitrators shall determine any matter brought before the arbitrators for resolution and shall be final and binding on all parties. Arbitrators shall be empowered to impose sanctions and to take such other actions as the arbitrators deem necessary to the same extent a judge could impose sanctions or take such other actions pursuant to the Federal Rules of Civil Procedure and applicable law. At the conclusion of any arbitration proceeding, the arbitrators shall make specific written findings of fact and conclusions of law. The arbitrators shall have the power to award recovery of all costs and fees to the prevailing Party. Each Party agrees to keep all Disputes and arbitration proceedings strictly confidential except for disclosure of information required by applicable law.

h) All fees of the arbitrator and any engineer, accountant or other consultant engaged by the arbitrators, shall be paid in accordance with the decision of the arbitrators.

i) In the event judicial proceedings are commenced in order to force any Party to comply with the terms of this arbitration provision, then, the losing party in such proceedings shall be liable for all costs and expenses of the prevailing party, including all attorneys' fees.

9. **Area of Mutual Interest**

The Contract Area shall constitute an Area of Mutual Interest between the parties hereto. If any party hereto, their successors or assigns, acquires a leasehold interest, farmout, seismic and/or drilling option, including extension or renewal of presently held interest, either directly or indirectly in acreage situated wholly or partly within said Area of Mutual Interest during the term of this agreement, the acquiring party shall advise the other party hereto in writing of such acquisition, including the location of the acreage acquired and a full description of the lease(s); interests and terms of such acquisition, including the purchase price. The party receiving such notice shall, within thirty (30) days after receipt of such notice (or within forty-eight (48) hours thereafter when there is an active rig drilling within the Area of Mutual Interest, the information from which will affect the value of the interest offered), advise the acquiring party whether it elects to purchase its share of the acquired interest, and, if an appropriate invoice is enclosed, such notice shall be accompanied by payment for its share of such acquired interest. Upon receipt of such payment, the acquiring party shall immediately execute and deliver to such other party an assignment without warranty of title, express or implied, of such party's interest in the leasehold or other interest so acquired. If the notified party elects not to purchase such interest, the interest acquired shall be owned entirely by the acquiring party. The provisions hereof shall not apply to acquisitions via mergers, corporate reorganizations or through consolidations with a subsidiary or affiliated company, partnership or individual.

10.  Acceptance

This agreement shall not be binding upon Will-Drill until Participant indicates acceptance of the terms and provisions herein contained by executing in the space provided below and returning one (1) fully executed copy to Will-Drill within fifteen (15) days after receipt by Participant.

Yours very truly,

WILL-DRILL RESOURCES, INC.

C. Allen Williams
Vice-President

AGREED TO AND ACCEPTED THIS __11th__ DAY OF __December__, 2003.

Marshall-Wuellner, Inc.

By:_____
Tim Marshall
President



**WILL-DRILL RESOURCES, INC.**
OIL & GAS EXPLORATION

LACY H. WILLIAMS, PRESIDENT
C. ALLEN WILLIAMS, VICE-PRESIDENT

416 TRAVIS, SUITE 1200 • SHREVEPORT, LA • 71101-3194
(318) 222-7464 • FAX (318) 222-7466

November 25, 2003

Marshall-Wuellner, Inc.
333 Texas Street, Suite 608
Shreveport, LA 71101

Attention: Tim Marshall

Re:    Martin Prospect
       Red River Parish, Louisiana

Gentlemen:

    When accepted by you in the manner provided below, this letter evidences an agreement between **Will-Drill Resources, Inc.,** a Louisiana corporation, 416 Travis Street, Suite 1200, Shreveport, LA 71101, (hereinafter sometimes referred to as "Will-Drill") and **Marshall-Wuellner, Inc.,** a Louisiana corporation, 333 Texas Street, Suite 608, Shreveport, LA 71101 (hereinafter sometimes referred to as "M-W"), concerning the exploration and development of the Martin Prospect, as follows:

**1. Contract Area**

    The area covered by this agreement is described as follows:

    Sections 18 & 19 of Township 13 North, Range 8 West; and Sections 13, 14, 15, 16, 21, 22, 23, 24, 25, 26, 27, 28, 33, 34, 35 & 36 of Township 13 North, Range 9 West, all situated within Red River Parish, Louisiana; and herein after referred to as the "Contract Area".

**2. Leases, Seismic, Etc.**

    Will-Drill shall be solely responsible for acquiring any and all oil, gas and mineral interests within the Contract Area, including but not limited to oil and gas leases, farmout agreements, and seismic rights, and shall be solely responsible for the costs and expenses of such

Will-Drill & M-W Agrmnt (Martin)                                   Page 1 of

**EXHIBIT**

B

acquisitions.  Likewise the acquisition of new or existing seismic data and the costs associated therewith shall be the sole responsibility of Will-Drill.

### 3. Promotional Benefits

It is agreed and understood that Will-Drill and M-W shall share and share alike any promotional benefit derived from the sale to third parties of any oil, gas and mineral interests within the Contract Area, including but not limited to any monetary amount in excess of the acquisition costs and expenses.  However, in no event shall the carried working interest delivered to M-W be less than an undivided ten percent (10%) on the first exploratory well drilled on the Contract Area.

### 4. Overriding Royalty Interest

It is agreed and understood that M-W shall receive an assignment of overriding royalty from Will-Drill equal to the difference, if any, between twenty-five percent (25%) and lease burdens, but in no case greater than two percent (2%) on any lease acquired by Will-Drill within the Contract Area.  Subject to the terms and provisions of any such lease, Will-Drill will execute and deliver to M-W the aforementioned assignment within ninety (90) days of M-W's written request therefore.

### 5. Term of Agreement

This agreement shall remain in force and effect during the primary term of any oil and gas lease acquired by Will-Drill within the Contract Area and for two additional years thereafter.  The term of this agreement shall remain as stipulated unless otherwise agreed to in writing by both Will-Drill and M-W.  However, the foregoing not withstanding, if no leases are acquired within the Contract Area this agreement will automatically expire two (2) years from the date hereof.

### 6. Relationship of the Parties

This agreement is not intended to create, and nothing herein shall be construed to create, an association, a trust or joint venture, a mining partnership or other partnership or entity of any kind. Should this agreement be construed to create an association or partnership within the meaning of Subchapter K of Chapter 1 of Subtitle A of the Internal Revenue Code of 1986 as amended, or within the meaning of any similar statute of the State of Louisiana, the parties hereto affirm that they have elected to be excluded from the application of said statute.  Will-Drill is hereby authorized, when appropriate, to execute such election on behalf of the parties hereto and to file such election with the proper government office or agency; and, if requested, each party hereby agrees to execute and join in such election.

### 7. Agreement Binding on Heirs and Assigns

The provisions of this agreement shall be binding on the parties hereto, their heirs, executors, legal representatives, successors and assigns.

### 8. Non-Binding Mediation/Binding Arbitration

a) On the written notice of any Party, whether before or after the institution of any legal proceeding, any action, dispute, claim or controversy of any kind now existing or hereafter arising between the Parties (a *"Dispute"*) shall be submitted to non-binding mediation in accordance with the terms hereof.

b) Any mediation shall be conducted before a mediator selected by mutual agreement of the Parties. If the Parties are unable to agree on any mediator within fifteen days following the delivery of the notice of Dispute (or if a mediator is selected, but is unable to serve, within fifteen days from the date such person has delivered notice of his or her inability to serve), then each of the two Parties shall submit the name of a proposed mediator, each of whom must be certified or otherwise qualified to serve as a mediator. The names of the proposed candidates will be placed in a container and a disinterested party shall select one name, which person shall serve as mediator. The mediator shall schedule the mediation at a mutually agreeable time for the mediation to be conducted as soon as possible, provided that all parties shall attempt in good faith to provide reasonable times for which such parties would be available. The mediation shall be conducted in Shreveport, Louisiana. The mediator shall provide to the Parties a list of rules or guidelines by which the Parties will conduct the mediation. The Parties will conduct the mediation in good faith in an attempt to resolve any Dispute. Each Party agrees to keep all Disputes and mediation proceedings strictly confidential except for disclosure of information required by applicable law.

c) All fees of the mediator shall be paid by the Parties equally.

d) On the written notice of any Party, whether made before or after the institution of any legal proceeding or before or after submission of any Dispute to mediation as above provided, any such Dispute shall be submitted to binding arbitration in accordance with the terms hereof. Any Party may, by any summary proceedings, bring an action in court to compel arbitration of any Dispute.

e) Any arbitration shall be administered to the maximum extent applicable pursuant to the Federal Arbitration Act. Judgment on any award rendered by an arbitrator may be entered in any court having jurisdiction.

f) Any arbitration shall be conducted before three arbitrators. Each of the two Parties shall select an arbitrator within fifteen days (the "Party Arbitrators"). The Party Arbitrators shall select a third arbitrator within thirty days (the "Neutral"). The Neutral shall have no significant prior business or personal relationship with any Party. If the Party Arbitrators are unable to agree on the selection of a Neutral within such thirty day period, then each Party Arbitrator shall submit the name of a proposed Neutral, each of whom must be certified or otherwise qualified to serve as an arbitrator. The names of the proposed candidates will be placed in a container and a disinterested party shall select one name, which person shall serve as Neutral. Each arbitrator shall be a person who is knowledgeable in the subject matter of

the Dispute.  The arbitrators may engage engineers, accountants or other consultants that the arbitrators deem necessary to render a conclusion in the arbitration proceeding.

g) To the maximum extent practicable, an arbitration proceeding hereunder shall be concluded within one hundred eighty (180) days of the date of the selection of the Neutral.  Arbitration proceedings shall be conducted in Shreveport, Louisiana.  The vote of any two of the arbitrators shall determine any matter brought before the arbitrators for resolution and shall be final and binding on all parties. Arbitrators shall be empowered to impose sanctions and to take such other actions as the arbitrators deem necessary to the same extent a judge could impose sanctions or take such other actions pursuant to the Federal Rules of Civil Procedure and applicable law.  At the conclusion of any arbitration proceeding, the arbitrators shall make specific written findings of fact and conclusions of law.  The arbitrators shall have the power to award recovery of all costs and fees to the prevailing Party.  Each Party agrees to keep all Disputes and arbitration proceedings strictly confidential except for disclosure of information required by applicable law.

h) All fees of the arbitrator and any engineer, accountant or other consultant engaged by the arbitrators, shall be paid in accordance with the decision of the arbitrators.

i) In the event judicial proceedings are commenced in order to force any Party to comply with the terms of this arbitration provision, then, the losing party in such proceedings shall be liable for all costs and expenses of the prevailing party, including all attorneys' fees.

### 9.  Area of Mutual Interest

The Contract Area shall constitute an Area of Mutual Interest between the parties hereto.  If any party hereto, their successors or assigns, acquires a leasehold interest, farmout, seismic and/or drilling option, including extension or renewal of presently held interest, either directly or indirectly in acreage situated wholly or partly within said Area of Mutual Interest during the term of this agreement, the acquiring party shall advise the other party hereto in writing of such acquisition, including the location of the acreage acquired and a full description of the lease(s), interests and terms of such acquisition, including the purchase price.  The party receiving such notice shall, within thirty (30) days after receipt of such notice (or within forty-eight (48) hours thereafter when there is an active rig drilling within the Area of Mutual Interest, the information from which will affect the value of the interest offered), advise the acquiring party whether it elects to purchase its share of the acquired interest, and, if an appropriate invoice is enclosed, such notice shall be accompanied by payment for its share of such acquired interest.  Upon receipt of such payment, the acquiring party shall immediately execute and deliver to such other party an assignment without warranty of title, express or implied, of such party's interest in the leasehold or other interest so acquired.  If the notified party elects not to purchase such interest, the interest acquired shall be owned entirely by the acquiring party.  The provisions hereof shall not apply to acquisitions via mergers, corporate reorganizations or through consolidations with a subsidiary or affiliated company, partnership or individual.

**10. Acceptance**

This agreement shall not be binding upon Will-Drill until Participant indicates acceptance of the terms and provisions herein contained by executing in the space provided below and returning one (1) fully executed copy to Will-Drill within fifteen (15) days after receipt by Participant.

Yours very truly,

WILL-DRILL RESOURCES, INC.

C. Allen Williams
Vice-President

AGREED TO AND ACCEPTED THIS 11th DAY OF December, 2003.

Marshall-Wuellner, Inc.

By: _____
Tim Marshall
President

298/
402

INSTRUMENT # 20492
FILED: 3/28 2008 3:20 M
~~Beverly N~~ DY CLERK

ASSIGNMENT OF OVERRIDING ROYALTY INTEREST

STATE OF LOUISIANA

PARISH OF RED RIVER

KNOW ALL MEN BY THESE PRESENTS THAT:

WILL-DRILL RESOURCES, INC., a Louisiana corporation, whose address is 416 Travis Street, Suite 1200, Shreveport, Louisiana 71101 (hereinafter called "Assignor"), for and in consideration of One Hundred and No/100 Dollars ($100.00) and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, does hereby sell, assign, transfer and set over unto MARSHALL-WUELLNER, INC., a Louisiana corporation, whose mailing address is 333 Texas Street, Suite 608, Shreveport, Louisiana 71101 (hereinafter called "Assignee"), its heirs, successors and assigns, an overriding royalty interest equal to the difference between existing royalty burdens of record and twenty-three percent (23%), but in no case shall said overriding royalty interest be greater than two percent (2%), in and to the Oil, Gas and Mineral Leases described in Exhibit "A" (hereinafter called "Leases"), attached hereto and made a part hereof, subject to the terms, conditions covenants and obligations set forth in the Leases or subsequent assignments or reassignments of the Leases, pursuant to and subject to all of the terms and conditions set forth in this Assignment.

If the Lessors in said Leases own a less interest in the premises covered thereby than the entire mineral fee estate in all or any portion of the land described therein and affected hereby, then the overriding royalty herein conveyed as to such leases shall be proportionately reduced and shall be payable to Assignee in the proportion which the interest of Lessor in such oil and gas mineral rights bears to the entire undivided mineral fee estate therein.

In the event Assignor owns less than the entire leasehold estate in said Leases, the overriding royalty hereby conveyed in said Leases shall be proportionately reduced and paid to Assignee in the proportion which the interest of Assignor in said Leases bears to the entire undivided leasehold estate therein.

Said overriding royalty interest herein conveyed shall be charged with its proportionate part of all marketing, processing, gathering, and similar charges so charged against royalty owners in said Leases, and shall also be charged with its proportionate part of all severance and/or production taxes.

This Assignment of Overriding Royalty Interest shall be subject in all respects to the terms and provisions of that Farmout Agreement dated September 1, 2004, by and between Marathon Oil Company, as Farmor, and Will-Drill Resources, Inc., as Farmee, and the overriding royalty interest to be delivered herein shall be subordinate and inferior to the overriding royalty interest to be delivered pursuant to said Farmout Agreement.

The terms and provisions of this Assignment shall be binding upon and inure to the benefit of Assignor and Assignee and their respective legal representatives, successors, and assigns.



EXHIBIT
C - In Globo

403

TO HAVE AND TO HOLD the said overriding royalty unto Assignee, his heirs and assigns, forever, in accordance with the terms and provisions of said Leases; this Assignment is made without warranty of title either express or implied.

IN WITNESS WHEREOF, this instrument is executed on the date set forth below and shall be effective separately as to each lease on the effective date hereof, respectively.

WITNESSES:                                          ASSIGNOR:

                                                    WILL-DRILL RESOURCES, INC.

_Judy Weller_
_Judy Weller_                                       By: _____
                                                        Ernest L. Nix, Jr.
_Bonnie Mullings_                                       Agent and Attorney-in-Fact
_Bonnie Mullings_

                                                    ASSIGNEE:

                                                    MARSHALL-WUELLNER, INC.

_Judy Weller_
_Judy Weller_                                       By: _____
_Bonnie Mullings_                                       Tim H. Marshall
_Bonnie Mullings_

404

### ACKNOWLEDGEMENT

STATE OF LOUISIANA

PARISH OF CADDO

On this 22ᵗʰ day of _August_, 2005, before me came and appeared Ernest L. Nix, Jr., to me, personally known, who being first duly sworn, did say he is the Agent and Attorney-in-Fact for Will-Drill Resources, Inc., a Louisiana Corporation, and that the foregoing instrument was signed on behalf of said Corporation, and that he executed the same as the free act and deed of said Corporation for the purposes and consideration therein expressed and in the capacity therein stated.

MY COMMISSION EXPIRES

_David B. Harmon_

_____
NOTARY PUBLIC

DAVID B. HARMON, Notary Public
Bossier Parish, Louisiana
My Commission is for Life
Notary No. 56224

### ACKNOWLEDGEMENT

STATE OF LOUISIANA

PARISH OF CADDO

On this 22ⁿᵈ day of _August_, 2005, before me came and appeared Tim H. Marshall to me, personally known, who being first duly sworn, did say he is the President of Marshall-Wuellner, Inc., a Louisiana Corporation, and that the foregoing instrument was signed on behalf of said Corporation, and that he executed the same as the free act and deed of said Corporation for the purposes and consideration therein expressed and in the capacity therein stated.

MY COMMISSION EXPIRES

_Kenneth P. Harmon_

_____
NOTARY PUBLIC

KENNETH ... HARMON, Notary Public
... Parish, Louisiana
My Commission ... Life
Notary No. ...

405

EXHIBIT "A"

| Lessor | Lessee | Lease Date | Reg. # |
|---|---|---|---|
| Judith Walker Gibbs | Moneta Management LLC | 2/1/2005 | 203348 |
| H. Leon Walker | Moneta Management LLC | 2/1/2005 | 203349 |
| H&N Walker Ltd. Partnership | Moneta Management LLC | 2/1/2005 | 203350 |
| A&F Walker Limited Partnership | Moneta Management LLC | 2/1/2005 | 203351 |
| Walker Timber & Investment LLC | Moneta Management LLC | 2/1/2005 | 203332 |
| Willie Bryant Robinson, et ux | Moneta Management LLC | 1/11/2005 | 203346 |
| John William Thornley, Jr. | Moneta Management LLC | 1/11/2005 | 203344 |
| Pamela Thornley Jones | Moneta Management LLC | 1/11/2005 | 203343 |
| Harry Clyde Thornley | Moneta Management LLC | 1/11/2005 | 203345 |
| Succession of Jackie Hucksby, M.D. | Moneta Management LLC | 1/11/2005 | 203347 |
| Mary Virginia Fowler | Moneta Management LLC | 1/28/2005 | 203354 |
| Betty Michna, Indiv. & as AIF for Brenda Holloway, et al | Moneta Management LLC | 1/18/2005 | 203356 |
| Spencer Jones Owens, et ux | Moneta Management LLC | 1/10/2005 | 203338 |
| Delesser Land, LLC | Moneta Management LLC | 1/6/2005 | 203342 |
| James Garlin Adkins Childrens' Trust | Moneta Management LLC | 1/15/2005 | 203333 |
| John Allen James, et ux | Moneta Management LLC | 1/15/2005 | 203341 |
| Bill Rogers Shaw, et ux | Moneta Management LLC | 1/8/2005 | 203337 |
| Ronald William Albright, et ux | Moneta Management LLC | 1/10/2005 | 203334 |
| Robert Spencer Baker, et ux | Moneta Management LLC | 2/2/2005 | 203336 |
| Robert L. Frederick and Patricia R. Frederick | Moneta Management LLC | 2/2/2005 | 203360 |
| Janell Feazell Thornley | Moneta Management LLC | 1/25/2005 | 203361 |
| Gordon E. Foster & Succ. Of Avis M. C. Foster | Moneta Management LLC | 2/2/2005 | 204361 |
| Athaline Smith Edgar | Moneta Management LLC | 1/6/2005 | 203357 |
| Dianne Nettles Marlin & Nancy Nettles | Moneta Management LLC | 1/10/2005 | 203339 |
| Red River Parish Law Enforcement District | Moneta Management LLC | 1/19/2005 | 203340 |
| Betty Kay Emerson | Moneta Management LLC | 1/25/2005 | 203354 |
| Doyle L. Bell, et ux | Moneta Management LLC | 1/15/2005 | 203353 |
| Ernest W. Hayes, et al | Moneta Management LLC | 1/18/2005 | 203352 |
| Iris Marky Almond and Doris Elizabeth Almond | Moneta Management LLC | 2/2/2005 | 203362 |
| Rachel Erin Dudley | Moneta Management LLC | 2/2/2005 | 203363 |
| Tommy C. Wimberly | Moneta Management LLC | 1/18/2005 | 203359 |
| Stan Horton, Agent & AIF for Dulcie Allen | Moneta Management LLC | 1/28/2005 | 203355 |
| Aubrey Earl Bonnette, et ux | Moneta Management LLC | 1/25/2005 | 203352 |
| Sims Gafford, et ux | Moneta Management LLC | 1/22/2005 | 203355 |
| Robert Brown, et ux | Moneta Management LLC | 1/25/2005 | 203365 |
| Gale E. Bowling | Moneta Management LLC | 1/28/2005 | 203356 |
| Dallas B. Russell, Jr. | Moneta Management LLC | 1/28/2005 | 203356 |
| David W. Russell | Moneta Management LLC | 1/28/2005 | 203637 |
| Benjamin O. Jones IV, et ux | North Louisiana Land Associates, LLC | 12/10/2004 | 202822 |
| Florence C. Deb | North Louisiana Land Associates, LLC | 12/8/2004 | 202816 |
| Deplosser Land LLC, et al | North Louisiana Land Associates, LLC | 12/8/2004 | 202809 |
| Marcus A. Lomp, Jr., et ux | North Louisiana Land Associates, LLC | 12/6/2004 | 202821 |
| Johnny Ray Norman, et ux | North Louisiana Land Associates, LLC | 12/8/2004 | 202813 |
| Alice Norman Wren | North Louisiana Land Associates, LLC | 12/22/2004 | 203294 |
| Timothy Lane Norman & Kimberly Norman McCoy | North Louisiana Land Associates, LLC | 12/23/2004 | 203291 |
| Laura Oveil Norman Sullivan | North Louisiana Land Associates, LLC | 12/29/2004 | 203295 |
| Turner Stephens Jones II & Pamela Jones Prothro | North Louisiana Land Associates, LLC | 12/28/2004 | 203292 |
| Threads Prothro | North Louisiana Land Associates, LLC | 12/8/2004 | 202814 |
| Clarence Clayton Laster, Jr., et ux | North Louisiana Land Associates, LLC | 12/13/2004 | 202808 |
| Robert Earl Laster | North Louisiana Land Associates, LLC | 12/13/2004 | 204377 |

ᴇ· 4cc

| Name | Entity | Date | Number |
|---|---|---|---|
| Crestwood Land Management Ltd. | North Louisiana Land Associates, LLC | 12/14/2004 | 202817 |
| Burns Forest Products, Inc. | North Louisiana Land Associates, LLC | 12/16/2004 | 202820 |
| Bobby James Stouts, et ux | North Louisiana Land Associates, LLC | 12/13/2004 | 202812 |
| Michael L. Jeter, et ux | North Louisiana Land Associates, LLC | 12/13/2004 | 202811 |
| James A. Dickerson | North Louisiana Land Associates, LLC | 12/8/2004 | 202816 |
| Timmy W. Hughes, et ux | North Louisiana Land Associates, LLC | 12/8/2004 | 202819 |
| Benjamin O. Jones, III | North Louisiana Land Associates, LLC | 12/13/2004 | 202810 |
| Wendell L. Gieger, et ux | North Louisiana Land Associates, LLC | 12/10/2004 | 203293 |
| Louis Smith, Jr., et ux | North Louisiana Land Associates, LLC | 12/22/2004 | 203296 |
| Oneld W. Driggers, et ux | Hunter Energy Corporation | 12/18/2003 | 202509 |
| Robert E. Bethard, et ux | Hunter Energy Corporation | 1/23/2004 | 202514 |
| The Bethard Corp. | Hunter Energy Corporation | 1/23/2004 | 202515 |
| Timothy Craig Clift & Shelly K. Clift | Hunter Energy Corporation | 4/1/2004 | 202515 |
| Bolgam Oil Company, Inc. | Hunter Energy Corporation | 2/24/2004 | 202518 |
| Martin Timber Company, LLC | Will-Drill Resources, Inc. | 12/10/2004 | 203298 |
| Martin Timber Company, LLC | Will-Drill Resources, Inc. | 1/12/2005 | 203001 |
| Weyerhaeuser Company | Will-Drill Resources, Inc. | 3/18/2005 | 203660 |
| Martin Timber Company, LLC | Will-Drill Resources, Inc. | 1/10/2005 | 203297 |
| Donna McManaway Jones | Hunter Energy Corporation | 9/27/2004 | 202525 |
| The Hildegard E. Shephard Revocable Trust | Hunter Energy Corporation | 1/5/2004 | 202513 |
| Martha Lee Horton | Hunter Energy Corporation | 11/8/2004 | 202529 |
| Mary Ann Horton Adams et al | Hunter Energy Corporation | 11/7/2004 | 202528 |
| William Wayne McCoy | Hunter Energy Corporation | 9/20/2004 | 202523 |
| Robert David McCoy | Hunter Energy Corporation | 9/28/2004 | 202526 |
| Jerry L. McCoy | Hunter Energy Corporation | 10/1/2004 | 202527 |
| Merrell Marxson McCoy | Hunter Energy Corporation | 9/16/2004 | 202522 |
| Michael R. McCoy | Hunter Energy Corporation | 8/23/2004 | 202524 |
| Mark A. McCoy et ux | Hunter Energy Corporation | 9/16/2004 | 202520 |
| Virginia McCoy Dupree et vir | Hunter Energy Corporation | 9/16/2004 | 202521 |
| Alexa McCoy Oberlander | Hunter Energy Corporation | 9/16/2004 | 202517 |
| Norma C. Horton, et al | Hunter Energy Corporation | 12/18/2003 | 202510 |
| Martin Timber Co. | Hunter Energy Corporation | 12/18/2003 | 202695 |
| Travis Hale et ux | Will-Drill Resources, Inc. | 11/15/2004 | 203031 |
| Ima Jean Woodard Smith | Will-Drill Resources, Inc. | 2/1/2005 | 203220 |
| Grace Woodard Lindsey | Will-Drill Resources, Inc. | 2/4/2005 | 203219 |
| Laura Woodard Cooper | Will-Drill Resources, Inc. | 2/4/2005 | 203218 |
| Glenn L. Woodard | Will-Drill Resources, Inc. | 11/15/2004 | 203217 |
| Ima Jean Woodard Smith, et al | Will-Drill Resources, Inc. | 2/1/2005 | 203221 |
| Cynthia Smith Thomas | Will-Drill Resources, Inc. | 11/15/2004 | 203224 |
| Henry Alvin Smith | Will-Drill Resources, Inc. | 11/15/2004 | 203223 |
| Thomas Eric Smith | Will-Drill Resources, Inc. | 11/15/2004 | 203222 |
| Bilkate, Inc. | Will-Drill Resources, Inc. | 11/15/2004 | 203032 |
| Richard Wayne Baker | Will-Drill Resources, Inc. | 11/15/2004 | 203033 |
| Gustave A. Oberlander | Will-Drill Resources, Inc. | 11/15/2004 | 203034 |
| Sue Sanders Dietrich | Will-Drill Resources, Inc. | 11/15/2004 | 203214 |
| Susan Dietrich Roffs | Will-Drill Resources, Inc. | 11/15/2004 | 203216 |
| Kristine Dietrich Keating | Will-Drill Resources, Inc. | 11/15/2004 | 203215 |
| Richard Scott McCoy | Will-Drill Resources, Inc. | 11/15/2004 | 203444 |
| Stanley Richard Horton | Hunter Energy Corporation | 12/19/2003 | 202511 |
| Dianne Horton Baugh | Hunter Energy Corporation | 12/19/2003 | 202512 |
| Barbara Elaine A. Keys | Hunter Energy Corporation | 11/15/2004 | 203443 |
| Melissa Renee Kerry Malcom | Hunter Energy Corporation | 3/18/2005 | 204168 |

407

| J. W. Adock Investments, L.P. | Will-Drill Resources, Inc. | 9/14/2004 | 202542 |
|---|---|---|---|
| Joan Adcock, Individually and as Trustee | Will-Drill Resources, Inc. | 9/14/2004 | 202543 |
| Mary Ann Brown, et vir | Will-Drill Resources, Inc. | 8/14/2004 | 202544 |
| Sherry Smith Crager | Hunter Energy Corporation | 4/5/2005 | 204172 |
| Connie Mock Smith | Hunter Energy Corporation | 4/4/2005 | 204170 |
| Judy Smith Alexrod | Hunter Energy Corporation | 4/4/2005 | 204171 |
| Edgar Cason et ux | Hunter Energy Corp. | 11/23/2004 | 202764 |

298/
.408

INSTRUMENT # 204493
FILED: 3/28  2005 8:32 PM
_Beccie N. Way_ DY CLERK

ASSIGNMENT OF OVERRIDING ROYALTY INTEREST

STATE OF LOUISIANA

PARISH OF RED RIVER

KNOW ALL MEN BY THESE PRESENTS THAT:

WILL-DRILL RESOURCES, INC., a Louisiana corporation, whose address is 416 Travis Street, Suite 1200, Shreveport, Louisiana 71101 (hereinafter called "Assignor"), for and in consideration of One Hundred and No/100 Dollars ($100.00) and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, does hereby sell, assign, transfer and set over unto MARSHALL-WUELLNER, INC., a Louisiana corporation, whose mailing address is 333 Texas Street, Suite 608, Shreveport, Louisiana 71101 (hereinafter called "Assignee"), its heirs, successors and assigns, an overriding royalty interest equal to the difference between existing royalty burdens of record and twenty-three percent (23%), but in no case shall said overriding royalty interest be greater than two percent (2%), in and to the Oil, Gas and Mineral Leases described in Exhibit "A" (hereinafter called "Leases"), attached hereto and made a part hereof, subject to the terms, conditions covenants and obligations set forth in the Leases or subsequent assignments or reassignments of the Leases, pursuant to and subject to all of the terms and conditions set forth in this Assignment.

If the Lessors in said Leases own a less interest in the premises covered thereby than the entire mineral fee estate in all or any portion of the land described therein and affected hereby, then the overriding royalty herein conveyed as to such leases shall be proportionately reduced and shall be payable to Assignee in the proportion which the interest of Lessor in such oil and gas mineral rights bears to the entire undivided mineral fee estate therein.

In the event Assignor owns less than the entire leasehold estate in said Leases, the overriding royalty hereby conveyed in said Leases shall be proportionately reduced and paid to Assignee in the proportion which the interest of Assignor in said Leases bears to the entire undivided leasehold estate therein.

Said overriding royalty interest herein conveyed shall be charged with its proportionate part of all marketing, processing, gathering, and similar charges so charged against royalty owners in said Leases, and shall also be charged with its proportionate part of all severance and/or production taxes.

The terms and provisions of this Assignment shall be binding upon and inure to the benefit of Assignor and Assignee and their respective legal representatives, successors, and assigns.

TO HAVE AND TO HOLD the said overriding royalty unto Assignee, his heirs and assigns, forever, in accordance with the terms and provisions of said Leases; this Assignment is made without warranty of title either express or implied.

IN WITNESS WHEREOF, this instrument is executed on the date set forth below and shall be effective separately as to each lease on the effective date hereof, respectively.

409

WITNESSES:

Judy Welch
_Judy Welch_

Bonnie Mullings
_Bonnie Mullings_

Judy Welch
_Judy Welch_

Bonnie Mullings
_Bonnie Mullings_

ASSIGNOR:

WILL-DRILL RESOURCES, INC.

By: _____
Ernest L. Nix, Jr.
Agent and Attorney-in-Fact

ASSIGNEE:

MARSHALL-WUELLNER, INC.

By: _____
Tim H. Marshall

410

## ACKNOWLEDGEMENT

STATE OF LOUISIANA

PARISH OF CADDO

On this 22nd day of _August_, 2005, before me came and appeared Ernest L. Nix, Jr., to me, personally known, who being first duly sworn, did say he is the Agent and Attorney-in-Fact for Will-Drill Resources, Inc., a Louisiana Corporation, and that the foregoing instrument was signed on behalf of said Corporation, and that he executed the same as the free act and deed of said Corporation for the purposes and consideration therein expressed and in the capacity therein stated.

MY COMMISSION EXPIRES

_____

_David B. Harmon_
NOTARY PUBLIC

DAVID B. HARMON, Notary Public
Bossier Parish, Louisiana
My Commission is for Life
Notary No. 55224

## ACKNOWLEDGEMENT

STATE OF LOUISIANA

PARISH OF CADDO

On this 22nd day of _August_, 2005, before me came and appeared Tim H. Marshall to me, personally known, who being first duly sworn, did say he is the President of Marshall-Wuelliner, Inc., a Louisiana Corporation, and that the foregoing instrument was signed on behalf of said Corporation, and that he executed the same as the free act and deed of said Corporation for the purposes and consideration therein expressed and in the capacity therein stated.

MY COMMISSION EXPIRES

_____

_Kemington Dean Hargrove_
NOTARY PUBLIC

KEMERTON DEAN HARGROVE, Notary Public
Caddo Parish, Louisiana
My Commission is for Life
Notary No. 2920

411

EXHIBIT "A"

| Lessor | Lessee | Lse. Date | Reg. # |
|---|---|---|---|
| Thomas Paxton Stephens, III et al | Louisiana Gas Development Corp. | 12/10/2003 | 201919 |
| Armistead Corporation | Louisiana Gas Development Corp. | 12/12/2003 | 201920 |
| Roberta Burks Drake, et al | Louisiana Gas Development Corp. | 12/12/2003 | 201917 |
| Mary Ann Hadden | Louisiana Gas Development Corp. | 12/12/2003 | 201921 |
| Antoinette Waller Stephens McVea, et al | Louisiana Gas Development Corp. | 2/9/2004 | 201925 |
| Susan Stephens Lambert | Louisiana Gas Development Corp. | 2/9/2004 | 201923 |
| Rebecca Lynne Stephens Christian | Louisiana Gas Development Corp. | 2/9/2004 | 201922 |
| Dr. Jill Ann Rush Kolodzey et al | Louisiana Gas Development Corp. | 12/24/2003 | 201918 |
| Pugh T. Huckaby, Jr. & Julie Ann R. Huckaby | Louisiana Gas Development Corp. | 1/12/2004 | 201924 |
| Mary Tom Wilkinson Almond, et al | Louisiana Gas Development Corp. | 12/13/2004 | 202903 |
| Donald G. Horton and Patricia H. Horton | Louisiana Gas Development Corp. | 12/13/2004 | 202902 |
| John Gordon Staart, et al | Louisiana Gas Development Corp. | 12/13/2004 | 202901 |
| Alden Herbert Horton and Susan H. Horton | Louisiana Gas Development Corp. | 12/13/2004 | 202900 |
| MLA, Inc. | Louisiana Gas Development Corp. | 12/13/2004 | 202898 |
| Ed F. Lester, Jr. et ux | Louisiana Gas Development Corp. | 12/13/2004 | 202899 |
| Eva Stuart Campbell | Louisiana Gas Development Corp. | 12/13/2004 | 202904 |
| Mislette Properties, LP | Louisiana Gas Development Corp. | 1/18/2005 | 204239 |
| Camille Lelong, Indiv. And as AIF Ruth Lelong | Louisiana Gas Development Corp. | 12/13/2004 | 202905 |
| Thomas Paxton Stephens, III et al | Louisiana Gas Development Corp. | 12/13/2004 | 203171 |
| Thomas Paxton Stephens, III et al | Louisiana Gas Development Corp. | 1/20/2005 | 203170 |
| Antoinette Waller Stephens McVea, et al | Louisiana Gas Development Corp. | 3/31/2005 | 204240 |
| Rebecca Lynne Stephens Christian | Louisiana Gas Development Corp. | 3/31/2005 | 204237 |
| Susan Stephens Lambert | Louisiana Gas Development Corp. | 3/31/2005 | 204238 |

COB 298
Page 657

## ASSIGNMENT OF OIL, GAS AND MINERAL LEASES
## AND BILL OF SALE

INSTRUMENT # 204599

FILED: 9-1- 2005 10:35 M

Denise P Nations DY CLERK

STATE OF LOUISIANA

PARISH OF RED RIVER

THIS ASSIGNMENT OF OIL, GAS AND MINERAL LEASES AND BILL OF SALE (this "Assignment") dated August 25, 2005, is from Will-Drill Resources, Inc. (the "Assignor") to Pride Oil & Gas Properties, Inc. ("Assignee"). Assignor and Assignee may hereinafter be referred to individually as "Party" or collectively as "Parties."

Assignor, for and in consideration of the sum of $100.00 cash in hand paid and other good and valuable considerations and mutual benefits, the receipt and full sufficiency of which are hereby acknowledged, does hereby grant, bargain, sell, assign, transfer and convey unto Assignee all of Assignor's right, title and interest in the oil, gas and mineral leases described on Exhibit A (the "Leases") and wells located thereon or on lands pooled, unitized or communitized therewith as also described on Exhibit A (the "Wells"). The Leases and Wells may be hereafter referred to as the "Subject Properties."

TO HAVE AND TO HOLD the Subject Properties unto Assignee, its successors and assigns, forever.

Assignors and Assignee further agree as follows.

1.    This Assignment shall be effective for all purposes as of August 1, 2005 at 7:00 A.M. Central Time (the "Effective Date").

2.    · THIS ASSIGNMENT IS MADE WITHOUT ANY WARRANTY OF TITLE OF ANY KIND, EXPRESS, IMPLIED OR STATUTORY, TO THE SUBJECT PROPERTIES EXCEPT FOR CLAIMS ARISING BY, THROUGH AND UNDER ASSIGNOR, BUT NOT OTHERWISE.

3.    ASSIGNORS EXPRESSLY DISCLAIM AND NEGATE ANY WARRANTY AS TO THE CONDITION OF ANY PERSONAL PROPERTY, EQUIPMENT, FIXTURES AND ITEMS OF MOVABLE PROPERTY COMPRISING ANY PART OF THE SUBJECT PROPERTY, INCLUDING (i) ANY IMPLIED OR EXPRESS WARRANTY OF MERCHANTABILITY, (ii) ANY IMPLIED OR EXPRESS WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE, (iii) ANY IMPLIED OR EXPRESS WARRANTY OF CONFORMITY TO MODELS OR SAMPLES OF MATERIALS, (iv) ANY RIGHTS OF ASSIGNEE UNDER APPLICABLE STATUTES TO CLAIM DIMINUTION OF CONSIDERATION, AND (v) ANY CLAIM BY ASSIGNEE FOR DAMAGES BECAUSE OF DEFECTS, WHETHER KNOWN OR UNKNOWN, IT BEING EXPRESSLY UNDERSTOOD BY ASSIGNEE THAT SAID PERSONAL PROPERTY, FIXTURES, EQUIPMENT AND ITEMS ARE BEING CONVEYED TO ASSIGNEE "AS IS, WHERE IS," WITH ALL FAULTS AND IN THEIR PRESENT CONDITION AND STATE OF REPAIR.



EXHIBIT
D

4.    Assignee takes the Subject Properties subject to and agrees to faithfully and timely perform the terms, conditions and provisions of the Leases and any other contract burdening the same including specifically, but not limited to

a)    that certain Farmout Agreement dated September 1, 2004, by and between Marathon Oil Company, as Farmor, and Will-Drill Resources, Inc., as Farmee, and

b)    those certain Assignments of Overriding Royalty Interest from Will-Drill Resources, Inc., as Assignor, to Marshall-Wuellner, Inc., as Assignee, executed on August 22, 2005 but effective as of the date of execution of the respective Oil, Gas and Mineral Leases, and recorded as Registry No. 204492 and Registry No. 204493 in the Conveyance Records of Red River Parish, Louisiana.

Assignee assumes and agrees to pay, perform, fulfill and discharge all claims, costs, expenses, liabilities and obligations accruing or relating to the owning, developing, exploring, operating or maintaining of the Subject Properties after the Effective Date, including specifically, but without limitation, the obligation to legally plug and abandon any well listed on Exhibit A.

5.    Assignor reserves unto itself, its successors and assigns, an overriding royalty interest in and to the Leases equal to the difference between all existing burdens of record and twenty-three percent (23%), provided, however, that the overriding royalty interest herein reserved shall be proportionately reduced if any of the Leases does not cover a full mineral interest and/or this Assignment does not convey full leasehold rights in any of the Leases. The overriding royalty interest reserved herein shall be free and clear of all costs other than production, severance or other similar taxes.

6.    Assignor shall indemnify and hold harmless Assignee from and against any and all loss, cost, claim, expense, demand or liability whatsoever arising, in connection with or related to, the ownership or use of the Subject Properties prior to the Effective Date. Assignee shall indemnify and hold harmless Assignor from and against any and all loss, cost, claim, expense, demand or liability whatsoever arising, in connection with or related to, the ownership, or use of the Subject Properties from and after the Effective Date.

7.    This Assignment binds and inures to the benefit of Assignors and Assignee and their respective successors and assigns

8.    The Exhibits attached to this Assignment are hereby incorporated by this reference and constitute a part of this Assignment.

IN WITNESS THEREOF, Assignee and Assignors have duly executed this Assignment, as of the day and year first above written.

Witnesses:

ASSIGNOR:

WILLDRILL RESOURCES, INC.

Susan Leon
Susan Leon

By: Ernest L. Abel Jr.
Title:  Agent and Attorney-in-Fact

Bonnie Mullings
Bonnie Mullings

ASSIGNEE:

PRIDE OIL & GAS PROPERTIES, INC.

Lucie Romero
Lucie Romero

By:  Paul R. Zehnder, III
Title:  Vice-President

J.B. Houston, II
J.B. Houston, II

3

STATE OF LOUISIANA

PARISH OF CADDO

BEFORE ME the undersigned authority, personally came and appeared Ernest L. Nix, Jr., duly authorized Agent and Attorney-in-Fact of Will-Drill Resources, Inc., a Louisiana Corporation, and that the foregoing instrument was signed in behalf of said Corporation, and said Appearer acknowledged said instrument to be the free act and deed of said Corporation.

IN WITNESS WHEREOF, I hereunto set my hand and seal on this 26th day of August, 2005.

Notary Public in and for
Caddo Parish, Louisiana
My Commission is for life.

KEMERTON DEAN HARGROVE, Notary Public
Caddo Parish, Louisiana
My Commission is for Life
Notary No. 2920

STATE OF LOUISIANA

PARISH OF LAFAYETTE

BEFORE ME the undersigned authority, personally came and appeared Paul R. Zehnder, III, duly authorized Vice-President of Pride Oil & Gas Properties, Inc., a Louisiana Corporation, and that the foregoing instrument was signed in behalf of said Corporation, and said Appearer acknowledged said instrument to be the free act and deed of said Corporation.

IN WITNESS WHEREOF, I hereunto set my hand and seal on this 31 day of August, 2005.

Notary Public in and for
St. Landry Parish, Louisiana
My Commission is for life.
Notary No. 77041
Robert Sandoz

4

## EXHIBIT "A"

Attached to and made a part of that Assignment of Oil, Gas and Mineral Leases and Bill
of Sale from Will-Drill Resources, Inc., Assignor, to Pride Oil and Gas Properties, Inc.,
Assignee, with effective date of August 1, 2005

The Registry numbers listed hereinbelow refer to the Conveyance Records of
Red River Parish, Louisiana.

| Lessor | Lessee | Lease Date | Reg. # |
|---|---|---|---|
| Justin Walker Gibbs | Moneta Management LLC | 2/1/2005 | 203348 |
| H. Leon Walker | Moneta Management LLC | 2/1/2005 | 203349 |
| HJH Walker Ltd. Partnership | Moneta Management LLC | 2/1/2005 | 203350 |
| A&F Walker Limited Partnership | Moneta Management LLC | 2/1/2005 | 203351 |
| Walker Timber & Investment LLC | Moneta Management LLC | 2/1/2005 | 203332 |
| Willie Bryant Robinson, et ux | Moneta Management LLC | 3/11/2005 | 203345 |
| John William Thornley, Jr. | Moneta Management LLC | 1/11/2005 | 203344 |
| Pamela Thornley Jones | Moneta Management LLC | 1/11/2005 | 203343 |
| Harry Clyde Thornley | Moneta Management LLC | 3/11/2005 | 203345 |
| Succession of Jackie Huckaby, M.D. | Moneta Management LLC | 1/11/2005 | 203347 |
| Mary Virginia Fowler | Moneta Management LLC | 1/28/2005 | 203394 |
| Betty Mitchell, Indiv. & as AIF for Brenda Holloway, et al | Moneta Management LLC | 1/16/2005 | 203358 |
| Spencer Jones Owens, et ux | Moneta Management LLC | 1/16/2005 | 203339 |
| Oldressler Land, LLC | Moneta Management LLC | 1/8/2005 | 203342 |
| James Garth Adkins Childrens' Trust | Moneta Management LLC | 1/15/2005 | 203333 |
| Jane Allen James, et ux | Moneta Management LLC | 1/15/2005 | 203341 |
| Bill Rupert Shaw, et ux | Moneta Management LLC | 1/6/2005 | 203337 |
| Ronald William Albright, et ux | Moneta Management LLC | 3/10/2005 | 203334 |
| Robert Spencer Baker, et ux | Moneta Management LLC | 2/2/2005 | 203336 |
| Robert L. Frederick and Patricia R. Frederick | Moneta Management LLC | 2/2/2005 | 203360 |
| Jewell Feazell Thornley | Moneta Management LLC | 1/25/2005 | 203361 |
| Gordon E. Foster & Succ. Of Avia M. C. Foster | Moneta Management LLC | 2/2/2005 | 204091 |
| Adraline Smith Edgar | Moneta Management LLC | 1/6/2005 | 203327 |
| Elaine Nettles Morris & Nancy Nettles | Moneta Management LLC | 1/19/2005 | 203329 |
| Red River Parish Law Enforcement District | Moneta Management LLC | 1/16/2005 | 203340 |
| Betty Kay Emerson | Moneta Management LLC | 1/25/2005 | 203354 |
| Doyle L. Bell, et ux | Moneta Management LLC | 1/15/2005 | 203355 |
| Ernest W. Hayes, et al | Moneta Management LLC | 1/18/2005 | 203356 |
| Ms. Marty Almond and Doris Elizabeth Almond | Moneta Management LLC | 2/2/2005 | 203362 |
| Rachel Erin Dudley | Moneta Management LLC | 2/2/2005 | 203363 |
| Tommey C. Winberry | Moneta Management LLC | 1/16/2005 | 203359 |
| Sam Horton, Agent & AIF for Dulcie Allen | Moneta Management LLC | 1/25/2005 | 203355 |
| Aubrey Earl Bonnette, et ux | Moneta Management LLC | 1/25/2005 | 203352 |
| Sims Gafford, et ux | Moneta Management LLC | 1/22/2005 | 203353 |
| Robert Brown, et ux | Moneta Management LLC | 1/25/2005 | 203346 |
| Gale E. Bowling | Moneta Management LLC | 1/26/2005 | 203365 |
| Dietzs B. Russell, Jr. | Moneta Management LLC | 1/28/2005 | 203536 |
| David W. Russell | Moneta Management LLC | 1/28/2005 | 203537 |
| Benjamin D. James IV, et ux | North Louisiana Land Associates, LLC | 12/30/2004 | 202802 |
| Florence E. Delp | North Louisiana Land Associates, LLC | 12/6/2004 | 202916 |
| Drehkoon Land, LLC, et al | North Louisiana Land Associates, LLC | 12/8/2004 | 202809 |
| Marcus A. Laing, Jr., et ux | North Louisiana Land Associates, LLC | 12/16/2004 | 202601 |
| Johnny Ray Norman, et ux | North Louisiana Land Associates, LLC | 12/8/2004 | 202813 |
| Alice Norman Wren | North Louisiana Land Associates, LLC | 12/22/2004 | 203294 |

5

EXHIBIT "A"

Attached to and made a part of that Assignment of Oil, Gas and Mineral Leases and Bill
of Sale from Will-Drill Resources, Inc., Assignor, to Pride Oil and Gas Properties, Inc.,
Assignee, with effective date of August 1, 2005

| Lessor | Lessee | Lease Date | Reg. # |
|---|---|---|---|
| Timothy Lane Norman & Kimberly Norman McCoy | North Louisiana Land Associates, LLC | 12/23/2004 | 203291 |
| Laura Dyel Norman Sullivan | North Louisiana Land Associates, LLC | 12/29/2004 | 203295 |
| Turner Stephens Jones II & Pamela Jones Presley | North Louisiana Land Associates, LLC | 12/23/2004 | 203292 |
| Theresita Preslaw | North Louisiana Land Associates, LLC | 12/9/2004 | 202814 |
| Clarence Clayton Lester Jr., et ux | North Louisiana Land Associates, LLC | 12/13/2004 | 203808 |
| Robert Earl Lester | North Louisiana Land Associates, LLC | 12/13/2004 | 204377 |
| Crestwood Land Management Ltd. | North Louisiana Land Associates, LLC | 12/14/2004 | 202817 |
| Burns Forest Products, Inc. | North Louisiana Land Associates, LLC | 12/15/2004 | 202820 |
| Bobby James Stowe, et ux | North Louisiana Land Associates, LLC | 12/13/2004 | 202812 |
| Michael L. Jeter, et ux | North Louisiana Land Associates, LLC | 12/8/2004 | 202811 |
| James A. Dickerson | North Louisiana Land Associates, LLC | 12/8/2004 | 202818 |
| Timmy W. Hughes, et ux | North Louisiana Land Associates, LLC | 12/9/2004 | 202819 |
| Benjamin C. Jones, III | North Louisiana Land Associates, LLC | 12/13/2004 | 202810 |
| Wendell L. Gieger, et ux | North Louisiana Land Associates, LLC | 12/13/2004 | 202293 |
| Louis Smith, Jr., et ux | North Louisiana Land Associates, LLC | 12/22/2004 | 203296 |
| David W. Driggers, et ux | Hunter Energy Corporation | 12/16/2003 | 202509 |
| Robert E. Bedyard, et ux | Hunter Energy Corporation | 1/23/2004 | 202514 |
| The Bernard Corp. | Hunter Energy Corporation | 1/20/2004 | 202515 |
| Timothy Craig Clift & Shelly K. Clift | Hunter Energy Corporation | 4/1/2004 | 202516 |
| Belgam Oil Company, Inc. | Hunter Energy Corporation | 2/24/2004 | 202518 |
| Martin Timber Company, LLC | Will-Drill Resources, Inc. | 12/10/2004 | 203298 |
| Martin Timber Company, LLC | Will-Drill Resources, Inc. | 1/12/2005 | 203301 |
| Weyerhaeuser Company | Will-Drill Resources, Inc. | 3/18/2005 | 201660 |
| Martin Timber Company, LLC | Will-Drill Resources, Inc. | 1/10/2005 | 203297 |
| Donna McManaway Jones | Hunter Energy Corporation | 9/27/2004 | 202525 |
| The Hildegard E. Eneshard Revocable Trust | Hunter Energy Corporation | 1/5/2004 | 202513 |
| Martha Lee Horton | Hunter Energy Corporation | 11/8/2004 | 202529 |
| Mary Ann Horton Adams et al | Hunter Energy Corporation | 11/7/2004 | 202528 |
| William Wayne McCoy | Hunter Energy Corporation | 9/20/2004 | 202523 |
| Rupert David McCoy | Hunter Energy Corporation | 8/26/2004 | 202526 |
| Jerry L. McCoy | Hunter Energy Corporation | 10/1/2004 | 202527 |
| Merrell Marldan McCoy | Hunter Energy Corporation | 9/16/2004 | 202522 |
| Michael R. McCoy | Hunter Energy Corporation | 9/23/2004 | 202524 |
| Mark A. McCoy et ux | Hunter Energy Corporation | 8/16/2004 | 202520 |
| Virginia McCoy Dupree et vir | Hunter Energy Corporation | 8/16/2004 | 202521 |
| Merel McCoy Oberlander | Hunter Energy Corporation | 9/16/2004 | 202517 |
| Norma C. Horton, et al | Hunter Energy Corporation | 12/16/2003 | 202510 |
| Martin Timber Co. | Hunter Energy Corporation | 12/16/2003 | 202695 |
| Travis Hale et ux | Will-Drill Resources, Inc. | 11/15/2004 | 203031 |
| Ima Jean Woodard Smith | Will-Drill Resources, Inc. | 2/1/2005 | 203220 |
| Grace Woodard Lindsey | Will-Drill Resources, Inc. | 2/4/2005 | 203219 |
| Laura Woodard Cooper | Will-Drill Resources, Inc. | 2/4/2005 | 203218 |
| Glenn L. Woodard | Will-Drill Resources, Inc. | 11/15/2004 | 203217 |
| Ima Jean Woodard Smith, et al | Will-Drill Resources, Inc. | 2/1/2005 | 203221 |
| Cynthia Smith Thomas | Will-Drill Resources, Inc. | 11/15/2004 | 203224 |

6

**EXHIBIT "A"**

Attached to and made a part of that Assignment of Oil, Gas and Mineral Leases and Bill
of Sale from Will-Drill Resources, Inc., Assignor, to Pride Oil and Gas Properties, Inc.,
Assignee, with effective date of August 1, 2005

| Lessor | Lessee | Lease Date | Reg. # |
|---|---|---|---|
| Henry Alvin Smith | Will-Drill Resources, Inc. | 11/15/2004 | 203222 |
| Thomas Eric Smith | Will-Drill Resources, Inc. | 11/15/2004 | 203222 |
| Eltaka, Inc. | Will-Drill Resources, Inc. | 11/15/2004 | 203032 |
| Richard Wayne Baker | Will-Drill Resources, Inc. | 11/15/2004 | 203033 |
| Gustava A. Oberlander | Will-Drill Resources, Inc. | 11/15/2004 | 203034 |
| Sue Sanders Dietrich | Will-Drill Resources, Inc. | 11/15/2004 | 203214 |
| Susan Dietrich Rolfs | Will-Drill Resources, Inc. | 11/15/2004 | 203215 |
| Kristine Dietrich Keeling | Will-Drill Resources, Inc. | 11/15/2004 | 203215 |
| Richard Scott McCoy | Will-Drill Resources, Inc. | 11/15/2004 | 203444 |
| Stanley Richard Horton | Hunter Energy Corporation | 12/19/2003 | 202511 |
| Dianne Horton Baugh | Hunter Energy Corporation | 12/19/2003 | 202512 |
| Barbara Elaine A. Keys | Hunter Energy Corporation | 11/15/2004 | 203443 |
| Melissa Renee Kerry Malcom | Hunter Energy Corporation | 2/16/2005 | 204169 |
| J. W. Adcock Investments, L.P. | Will-Drill Resources, Inc. | 9/14/2004 | 202542 |
| Joan Adcock, Individually and as Trustee | Will-Drill Resources, Inc. | 9/14/2004 | 202543 |
| Mary Ann Brown, et vir | Will-Drill Resources, Inc. | 9/14/2004 | 202544 |
| Sherry Smith Crager | Hunter Energy Corporation | 4/30/2005 | 204172 |
| Connie Mack Smith | Hunter Energy Corporation | 4/4/2005 | 204170 |
| Judy Smith Aldred | Hunter Energy Corporation | 4/4/2005 | 204171 |
| Edgar Caston et ux | Hunter Energy Corp. | 11/23/2004 | 202764 |
| Thomas Paxton Stephens, III et al | Louisiana Gas Development Corp. | 12/10/2003 | 201919 |
| Armistead Corporation | Louisiana Gas Development Corp. | 12/12/2003 | 201929 |
| Rubenia Burks Drake, et al | Louisiana Gas Development Corp. | 12/12/2003 | 201917 |
| Mary Ann Hodson | Louisiana Gas Development Corp. | 12/12/2003 | 201921 |
| Ambrosete Walter Stephens McVea, et al | Louisiana Gas Development Corp. | 2/9/2004 | 201925 |
| Susan Stephens Lambert | Louisiana Gas Development Corp. | 2/9/2004 | 201923 |
| Rebecca Lynne Stephens Christian | Louisiana Gas Development Corp. | 2/9/2004 | 201922 |
| Dr. Jill Ann Rush Rakestraw, et al | Louisiana Gas Development Corp. | 12/24/2003 | 201918 |
| Hugh T. Huckaby, Jr. & Julie Ann R. Huckaby | Louisiana Gas Development Corp. | 1/13/2004 | 201924 |
| Mary Tom Wilkinson Almond, et al | Louisiana Gas Development Corp. | 12/13/2004 | 202900 |
| Donald G. Horton and Patricia H. Horton | Louisiana Gas Development Corp. | 12/13/2004 | 202902 |
| John Gordon Stauss, et al | Louisiana Gas Development Corp. | 12/13/2004 | 202901 |
| Alden Horton Horton and Susan H. Horton | Louisiana Gas Development Corp. | 12/13/2004 | 202900 |
| MLA, Inc. | Louisiana Gas Development Corp. | 12/03/2004 | 202859 |
| Ed F. Lester, Jr. et ux | Louisiana Gas Development Corp. | 12/13/2004 | 202898 |
| Eva Saxon Campbell | Louisiana Gas Development Corp. | 12/13/2004 | 202904 |
| Midrush Properties, LP | Louisiana Gas Development Corp. | 1/18/2005 | 204239 |
| Camilko Leksng, Individually & as ALF for Ruth Leksng | Louisiana Gas Development Corp. | 12/13/2004 | 202905 |
| Thomas Paxton Stephens, III et al | Louisiana Gas Development Corp. | 12/13/2004 | 203171 |
| Thomas Paxon Stephens, III et al | Louisiana Gas Development Corp. | 1/22/2005 | 203170 |
| Ambrosete Walter Stephens McVea, et al | Louisiana Gas Development Corp. | 3/31/2005 | 204240 |
| Rebecca Lynne Stephens Christian | Louisiana Gas Development Corp. | 3/31/2005 | 204237 |
| Susan Stephens Lambert | Louisiana Gas Development Corp. | 3/31/2005 | 204238 |
| Blackstone Minerals Company L.P., et al | Will-Drill Resources, Inc. | 8/30/2004 | 202496 |
| Blackstone Minerals Company L.P., et al | Will-Drill Resources, Inc. | 1/13/2005 | 203326 |

7

EXHIBIT "A"

Attached to and made a part of that Assignment of Oil, Gas and Mineral Leases and Bill
of Sale from Will-Drill Resources, Inc., Assignor, to Pride Oil and Gas Properties, Inc.,
Assignee, with effective date of August 1, 2005

| Lessor | Lessee | Lease Date | Reg. # |
|--------|--------|------------|--------|
| Sidney B. Evans, Jr. et ux | Will-Drill Resources, Inc. | 2/7/2005 | 204173 |
| Stanley Darrell Horton | Hunter Energy Corporation | 8/23/2004 | 200518 |

8



**EXHIBIT "A"**
Attached to and made a part of that Assignment of Oil, Gas and Mineral Leases
and Bill of Sale from Will-Drill Resources, Inc., Assignor, to Pride Oil & Gas
Properties, Inc., Assignee, with effective date of August 1, 2005

<u>Wells and Equipment</u>

Will-Drill Production Co., Inc. HOSS RA SUU; Hale No. 1 Well
Section 22, Township 13 North, Range 9 West
Red River Parish, Louisiana

API No. 1708120844000

Surface equipment associated therewith

**COPY**

## ASSIGNMENT OF OVERRIDING ROYALTY

STATE OF LOUISIANA )
)
PARISH OF RED RIVER )

### KNOW ALL MEN BY THESE PRESENTS THAT:

MARSHALL-WUELLNER, INC., a Louisiana corporation, whose address is 333 Texas Street, Suite 608, Shreveport, Louisiana 71101 (hereinafter referred to as "Assignor"), for and in consideration of the sum of One Hundred and No/100 Dollars ($100.00), and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, does hereby grant, bargain, sell, convey, transfer, assign and deliver unto:

TEXAS GAS DEVELOPMENT, L.P., a Texas limited partnership, whose address is 330 Marshall Street, Suite 1111, Shreveport, Louisiana 71101, as to an undivided forty-six percent (46%);

WUELLNER OIL & GAS, INC., whose address is 333 Texas Street, Suite 608, Shreveport, Louisiana 71101, as to an undivided twenty-three percent (23%);

MARSHALL OIL & GAS, INC., whose address is 333 Texas Street, Suite 608, Shreveport, Louisiana 71101, as to an undivided twenty-three percent (23%); and

JARRATT ENTERPRISES, L.L.C., whose address is 9304 Braewood Circle, Shreveport, Louisiana 71155, as to an undivided eight percent (8%),

(hereinafter collectively referred to as "Assignees") their successors and assigns, an overriding royalty interest equal to the percentage interest indicated adjacent to each Assignee's name and address, of that certain overriding royalty interest granted by Will-Drill Resources, Inc. to Marshall-Wuellner, Inc. under that Assignment of Overriding Royalty Interest executed August 22, 2005 but effective separately as of the effective date of each of the Leases (as defined in said Assignment of Overriding Royalty Interest) and recorded in the Conveyance Records of Red River Parish under Instrument No. 204492 Book 298, Page 402 (the "Will-Drill Assignment").

The terms and provisions of this Assignment shall be binding upon and inure to the benefit of Assignor and Assignees and their respective legal representatives, successors and assigns, forever.

This Assignment is made without any warranty, express or implied.

IN WITNESS WHEREOF, this instrument is executed this ___ day of January, 2010, but shall be effective separately as to each Lease (as defined in the Will-Drill Assignment) on the effective date of each such Lease.

WITNESSES:                          ASSIGNOR:

                                    **Marshall-Wuellner, Inc.**

Printed Name: _____

                                    By: _____
Printed Name: _____        Tim H. Marshall, President

Marshall-Wuellner Assignment of ORI to Texas Gas Development, et al.
Page 1 of 4


EXHIBIT
E, In Globo

WITNESSES:                                ASSIGNEES:

Printed Name: LYNDSEY HARRIS

Printed Name: CONMENT C. CORLESE

**Texas Gas Development, L.P.**

By:  TGD, LLC, its general partner

By: _____
    John L. Iles, III, Manager

Printed Name: LYNDSEY HARRIS

Printed Name: CONMENT C. CORLESE

**Wuellner Oil & Gas, Inc.**

By: _____
    Dirck E. Wuellner, President

Printed Name: LYNDSEY HARRIS

Printed Name: CONMENT C. CORLESE

**Marshall Oil & Gas, Inc.**

By: _____
    Tim H. Marshall, President

Printed Name: LYNDSEY HARRIS

Printed Name: CONMENT C. CORLESE

**Jarratt Enterprises, L.L.C.**

By: _____
    Paul A. Jarratt, President

[Acknowledgements Follow]

Marshall-Wuellner Assignment of ORI to Texas Gas Development, et al.
Page 2 of 4

STATE OF LOUISIANA   )
                           )

PARISH OF CADDO     )

On this 12th day of January, 2010, before me appeared TIM H. MARSHALL, to me personally known, who, being by me duly sworn, did depose and state that he is the President of MARSHALL-WUELLNER, INC., a Louisiana corporation, and that said instrument was signed in behalf of said corporation and that he executed same as the free act and deed of said corporation for the purposes and consideration therein expressed and in the capacity therein stated.

My Commission Expires
With Life.

_____
Notary Public, In and For Caddo Parish, LA
Printed Name of Notary:_____

Stacy N. Worley, Notary Public
In and For Caddo Parish, Louisiana
Notary ID No. 5693
My Commission Is For Life

STATE OF LOUISIANA   )
                           )

PARISH OF CADDO     )

On this 12th day of January, 2010, before me appeared JOHN L. ILES, III, to me personally known, who, being by me duly sworn, did depose and state that he is the manager of TGD, LLC the general partner of TEXAS GAS DEVELOPMENT, LP, a Texas limited partnership, and that said instrument was signed on behalf of said general partner and that he executed same as the free act and deed of said limited liability company for the purposes and consideration therein expressed and in the capacity therein stated.

My Commission Expires
With Life.

_____
Notary Public, In and For Caddo Parish, LA
Printed Name of Notary:_____

Stacy N. Worley, Notary Public
In and For Caddo Parish, Louisiana
Notary ID No. 5693
My Commission Is For Life

STATE OF LOUISIANA   )
                           )

PARISH OF CADDO     )

On this 12th day of January, 2010, before me appeared Dirck E. Wuellner, to me personally known, who, being by me duly sworn, did depose and state that he is the President of WUELLNER OIL & GAS, INC., a Louisiana corporation, and that said instrument was signed on behalf of said corporation and that he executed same as the free act and deed of said corporation for the purposes and consideration therein expressed and in the capacity therein stated.

My Commission Expires
With Life.

_____
Notary Public, In and For Caddo Parish, LA
Printed Name of Notary:_____

Stacy N. Worley, Notary Public
In and For Caddo Parish, Louisiana
Notary ID No. 5693
My Commission Is For Life

STATE OF LOUISIANA          )
                           )
PARISH OF CADDO             )

On this ___12th___ day of January, 2010, before me appeared Tim H. Marshall, to me personally known, who, being by me duly sworn, did depose and state that he is the President of MARSHALL OIL & GAS, INC., a Louisiana corporation, and that said instrument was signed on behalf of said corporation and that he executed same as the free act and deed of said corporation for the purposes and consideration therein expressed and in the capacity therein stated.

My Commission Expires
With Life.

_____
Notary Public, In and For Caddo Parish, LA
Printed Name of Notary:_____

Stacy N. Worley, Notary Public
In and For Caddo Parish, Louisiana
Notary ID No. 5693
My Commission is For Life

STATE OF LOUISIANA          )
                           )
PARISH OF CADDO             )

On this ___12th___ day of January, 2010, before me appeared Paul A. Jarratt, to me personally known, who, being by me duly sworn, did depose and state that he is the Manager of JARRATT ENTERPRISES, L.L.C., a Louisiana limited liability company, and that said instrument was signed on behalf of said limited liability company and that he executed same as the free act and deed of said limited liability company for the purposes and consideration therein expressed and in the capacity therein stated.

My Commission Expires
With Life.

_____
Notary Public, In and For Caddo Parish, LA
Printed Name of Notary:_____

Stacy N. Worley, Notary Public
In and For Caddo Parish, Louisiana
Notary ID No. 5693
My Commission is For Life

## ASSIGNMENT OF OVERRIDING ROYALTY

STATE OF LOUISIANA   )
                            )
PARISH OF RED RIVER  )

### KNOW ALL MEN BY THESE PRESENTS THAT:

MARSHALL-WUELLNER, INC., a Louisiana corporation, whose address is 333 Texas Street, Suite 608, Shreveport, Louisiana 71101 (hereinafter referred to as "Assignor"), for and in consideration of the sum of One Hundred and No/100 Dollars ($100.00), and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, does hereby grant, bargain, sell, convey, transfer, assign and deliver unto:

TEXAS GAS DEVELOPMENT, L.P., a Texas limited partnership, whose address is 330 Marshall Street, Suite 1111, Shreveport, Louisiana 71101, as to an undivided forty-six percent (46%);

WUELLNER OIL & GAS, INC., whose address is 333 Texas Street, Suite 608, Shreveport, Louisiana 71101, as to an undivided twenty-three percent (23%);

MARSHALL OIL & GAS, INC., whose address is 333 Texas Street, Suite 608, Shreveport, Louisiana 71101, as to an undivided twenty-three percent (23%); and

JARRATT ENTERPRISES, L.L.C., whose address is 9304 Braewood Circle, Shreveport, Louisiana 71155, as to an undivided eight percent (8%),

(hereinafter collectively referred to as "Assignees") their successors and assigns, an overriding royalty interest equal to the percentage interest indicated adjacent to each Assignee's name and address, of that certain overriding royalty interest granted by Will-Drill Resources, Inc. to Marshall-Wuellner, Inc. under that Assignment of Overriding Royalty Interest executed August 22, 2005 but effective separately as of the effective date of each of the Leases (as defined in said Assignment of Overriding Royalty Interest) and recorded in the Conveyance Records of Red River Parish under Instrument No. 204493 Book 298, Page 408 (the "Will-Drill Assignment").

The terms and provisions of this Assignment shall be binding upon and inure to the benefit of Assignor and Assignees and their respective legal representatives, successors and assigns, forever.

This Assignment is made without any warranty, express or implied.

IN WITNESS WHEREOF, this instrument is executed this ___ day of January, 2010, but shall be effective separately as to each Lease (as defined in the Will-Drill Assignment) on the effective date of each such Lease.

WITNESSES:

Printed Name: _____

Printed Name: CONNENA C. CORLESE

ASSIGNOR:

**Marshall-Wuellner, Inc.**

By: _____
Tim H. Marshall, President

Marshall-Wuellner Assignment of ORI to Texas Gas Development, et al.
Page 1 of 4

WITNESSES:                                    ASSIGNEES:

Printed Name: Lyndsey Harris

Printed Name: Content C. Corliss

**Texas Gas Development, L.P.**

By:  TGD, LLC, its general partner

By: _____
    John L. Iles, III, Manager

Printed Name: Lyndsey Harris

Printed Name: Content C. Corliss

**Wuellner Oil & Gas, Inc.**

By: _____
    Dirck E. Wuellner, President

Printed Name: Lyndsey Harris

Printed Name: Content C. Corliss

**Marshall Oil & Gas, Inc.**

By: _____
    Tim H. Marshall, President

Printed Name: Lyndsey Harris

Printed Name: Content C. Corliss

**Jarratt Enterprises, L.L.C.**

By: _____
    Paul A. Jarratt, President

[Acknowledgements Follow]

STATE OF LOUISIANA        )
                          )
PARISH OF CADDO           )

On this ___ day of January, 2010, before me appeared TIM H. MARSHALL, to me personally known, who, being by me duly sworn, did depose and state that he is the President of MARSHALL-WUELLNER, INC., a Louisiana corporation, and that said instrument was signed in behalf of said corporation and that he executed same as the free act and deed of said corporation for the purposes and consideration therein expressed and in the capacity therein stated.

My Commission Expires
With Life.

_____
Notary Public, In and For Caddo Parish, LA
Printed Name of Notary:_____

Stacy N. Worley, Notary Public
In and For Caddo Parish, Louisiana
Notary ID No. 5693
My Commission is For Life

STATE OF LOUISIANA        )
                          )
PARISH OF CADDO           )

On this ___ day of January, 2010, before me appeared JOHN L. ILES, III, to me personally known, who, being by me duly sworn, did depose and state that he is the manager of TGD, LLC the general partner of TEXAS GAS DEVELOPMENT, LP, a Texas limited partnership, and that said instrument was signed on behalf of said general partner and that he executed same as the free act and deed of said limited liability company for the purposes and consideration therein expressed and in the capacity therein stated.

My Commission Expires
With Life.

_____
Notary Public, In and For Caddo Parish, LA
Printed Name of Notary:_____

Stacy N. Worley, Notary Public
In and For Caddo Parish, Louisiana
Notary ID No. 5693
My Commission is For Life

STATE OF LOUISIANA        )
                          )
PARISH OF CADDO           )

On this ___ day of January, 2010, before me appeared Dirck E. Wuellner, to me personally known, who, being by me duly sworn, did depose and state that he is the President of WUELLNER OIL & GAS, INC., a Louisiana corporation, and that said instrument was signed on behalf of said corporation and that he executed same as the free act and deed of said corporation for the purposes and consideration therein expressed and in the capacity therein stated.

My Commission Expires
With Life.

_____
Notary Public, In and For Caddo Parish, LA
Printed Name of Notary:_____

Stacy N. Worley, Notary Public
In and For Caddo Parish, Louisiana
Notary ID No. 5693
My Commission is For Life

STATE OF LOUISIANA     )
                       )
PARISH OF CADDO        )

On this 12th day of January, 2010, before me appeared Tim H. Marshall, to me personally known, who, being by me duly sworn, did depose and state that he is the President of MARSHALL OIL & GAS, Inc., a Louisiana corporation, and that said instrument was signed on behalf of said corporation and that he executed same as the free act and deed of said corporation for the purposes and consideration therein expressed and in the capacity therein stated.

My Commission Expires
With Life.

_____
Notary Public, In and For Caddo Parish, LA
Printed Name of Notary:_____

Stacy N. Worley, Notary Public
In and For Caddo Parish, Louisiana
Notary ID No. 5693
My Commission is For Life

STATE OF LOUISIANA     )
                       )
PARISH OF CADDO        )

On this 12th day of January, 2010, before me appeared Paul A. Jarratt, to me personally known, who, being by me duly sworn, did depose and state that he is the Manager of JARRATT ENTERPRISES, L.L.C., a Louisiana limited liability company, and that said instrument was signed on behalf of said limited liability company and that he executed same as the free act and deed of said limited liability company for the purposes and consideration therein expressed and in the capacity therein stated.

My Commission Expires
With Life.

_____
Notary Public, In and For Caddo Parish, LA
Printed Name of Notary:_____

Stacy N. Worley, Notary Public
In and For Caddo Parish, Louisiana
Notary ID No. 5693
My Commission is For Life

Marshall-Wuellner Assignment of ORI to Texas Gas Development, et al.
Page 4 of 4