UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| WUELLNER OIL & GAS, INC., MARSHALL OIL & GAS, INC., TEXAS GAS DEVELOPMENT, L.P., AND JARRATT ENTERPRISES, L.L.C. | CIVIL ACTION NO. 10-1686 |
| VERSUS | JUDGE FOOTE |
| ENCANA OIL & GAS (USA) INC. | MAGISTRATE HORNSBY |

## **A N S W E R**

NOW INTO COURT, through undersigned counsel, comes defendant ENCANA OIL & GAS (USA) INC., which, answering the original petition filed by plaintiffs Wuellner Oil & Gas, Inc., Marshall Oil & Gas, Inc., Texas Gas Development, L.P., and Jarratt Enterprises, L.L.C., with respect, represents:

1.

The allegations of paragraph 1 of plaintiffs' original petition are denied, except to admit that Wuellner Oil & Gas, Inc., Marshall Oil & Gas, Inc., Texas Gas Development, L.P., and Jarratt Enterprises, L.L.C, are made plaintiffs herein.

2.

The allegations of paragraph 2 of plaintiffs' original petition are denied, except to admit that EnCana Oil & Gas (USA) Inc. is made defendant herein.

3.

The allegations of paragraph 3 of plaintiffs' original petition are denied, except to admit that the plaintiffs assert rights and interest in and to immovable property located in

- 2 -

Red River Parish, Louisiana.

4.

The allegations of paragraph 4 of plaintiffs' original petition are denied, except to admit that "Exhibit A" (the Gahagan Letter Agreement) to the plaintiffs' original petition is the best evidence of its contents.

5.

The allegations of paragraph 5 of plaintiffs' original petition are denied, except to admit that "Exhibit B" (the Martin Letter Agreement) to the plaintiffs' original petition is the best evidence of its contents.

6.

The allegations of paragraph 6 of plaintiffs' original petition are denied, except to admit that the documents attached in globo as "Exhibit C" (the Will Drill Resources ("Will Drill")/Marshall-Wuellner, Inc. ("MWI") Assignments) to the plaintiffs' original petition are the best evidence of their contents.

7.

The allegations of paragraph 7 of plaintiffs' original petition are denied, except to admit that "Exhibit A" (the Gahagan Letter Agreement) and "Exhibit B" (the Martin Letter Agreement) to the plaintiffs' original petition are the best evidence of their contents.

8.

The allegations of paragraph 8 of plaintiffs' original petition are denied, except to admit that the "Exhibit D" (the Will Drill/Pride Oil & Gas Properties, Inc. ("Pride Oil") Assignment) to the plaintiffs' original petition is the best evidence of its contents.

9.

The allegations of paragraph 9 of plaintiffs' original petition are denied, except to admit that the "Exhibit D" (the Will Drill/Pride Oil Assignment) to the plaintiffs' original petition is the best evidence of its contents.

10.

The allegations of paragraph 10 of plaintiffs' original petition are denied, except to admit that the "Exhibit D" (the Will Drill/Pride Assignment) to the plaintiffs' original petition is the best evidence of its contents.

11.

The allegations of paragraph 11 of plaintiffs' original petition are denied, except to admit that the documents attached in globo as "Exhibit E" (the MWI/Plaintiffs Assignments) to the plaintiffs' original petition are the best evidence of their contents.

12.

The allegations of paragraph 12 of plaintiffs' original petition are denied, except to admit that the documents attached in globo as "Exhibit E" (the MWI/Plaintiffs Assignments) to the plaintiffs' original petition are the best evidence of their contents.

13.

The allegations of paragraph 13 of plaintiffs' original petition are denied, except to admit that the "Exhibit F" (the Will Drill ORRI Assignment) to the plaintiffs' original petition is the best evidence of its contents.

14.

The allegations of paragraph 14 of plaintiffs' original petition are denied, except to admit that "Exhibit G" (the Pride Oil/EnCana Oil & Gas (USA) Inc. Assignment) to the

plaintiffs' original petition is the best evidence of its contents.

15.

The allegations of paragraph 15 of plaintiffs' original petition are denied, except to admit that the exhibits to the plaintiffs' original petition are the best evidence of their contents.

16.

The allegations of paragraph 16 of plaintiffs' original petition are denied.

17.

The allegations of paragraph 17 of plaintiffs' original petition are denied, except to admit that the "Exhibit H" (the May 27, 2009 MWI Letter) to the plaintiffs' original petition is the best evidence of its contents.

18.

The allegations of paragraph 18 of plaintiffs' original petition are denied, except to admit that the "Exhibit I" (the June 16, 2009 EnCana Letter) to the plaintiffs' original petition is the best evidence of its contents.

19.

The allegations of paragraph 19 of plaintiffs' original petition are denied, except to admit that more than four months have elapsed since June 19, 2009.

20.

The allegations of paragraph 20 of plaintiffs' original petition are denied, except to admit that the "Exhibit J" (the October 7, 2009 MWI Letter) to the plaintiffs' original petition is the best evidence of its contents.

21.

The allegations of paragraph 21 of plaintiffs' original petition are denied for lack of specific information to justify a belief therein.

22(A).

The allegations of paragraph 22(A) of plaintiffs' original petition are denied.

22(B).

The allegations of paragraph 22(B) of plaintiffs' original petition are denied.

AND NOW, further answering the plaintiffs' original petition, appearer represents:

### FIRST DEFENSE

The original petition fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Appear did not assume or have the intent to assume Will Drill's obligations under any letter or other agreements with MWI or the plaintiffs.

### THIRD DEFENSE

Appearer has paid any and all overriding royalties due and payable by it to the plaintiffs.

### FOURTH DEFENSE

The plaintiffs' claims are prescribed in whole or in part.

### FIFTH DEFENSE

Appearer has partially assigned the subject mineral leases to a third party for which appearer is not responsible; consequently, plaintiffs' recovery, if any, against Appearer should be reduced accordingly.

WHEREFORE, APPEARER PRAYS that the above and foregoing answer to plaintiffs' original petition be deemed good and sufficient and that, after due proceedings be had, there be judgment herein dismissing plaintiffs' claims at their sole cost and for all general and equitable relief.

        COOK, YANCEY, KING & GALLOWAY
        A Professional Law Corporation

        By: s/ John T. Kalmbach
            Herschel E. Richard, Jr. #11229
            John T. Kalmbach #24484

        333 Texas Street, Suite 1700
        P. O. Box 22260
        Shreveport, LA 71120-2260
        Telephone:  (318) 221-6277
        Telecopier: (318) 227-7850
        herschel.richard@cookyancey.com
        john.kalmbach@cookyancey.com

        ATTORNEYS FOR ENCANA OIL
        & GAS (USA) INC.

## **CERTIFICATE**

I HEREBY CERTIFY that a copy of the above and foregoing was filed with the United States District Court for the Western District of Louisiana by electronic case filing/case management and that a copy of the same was either served on all counsel of record by electronic notification or by U.S. Mail, postage pre-paid.

Shreveport, Louisiana, this 18th day of November, 2010.



                                                s/John T. Kalmbach
                                                   OF COUNSEL